Barros v Bokonos 243, LLC (2024 NY Slip Op 06149)

Barros v Bokonos 243, LLC

2024 NY Slip Op 06149

Decided on December 10, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 10, 2024

Before: Manzanet-Daniels, J.P., Singh, Gesmer, Rodriguez, Michael, JJ. 

Index No. 160560/22 Appeal No. 3205 Case No. 2024-01573 

[*1]Jairo Barros et al., Plaintiffs, Sebastian Beacon et al., Plaintiffs-Respondents,
v
Bokonos 243, LLC, Defendant-Appellant.

Law Office of Jimmy Wagner, Brooklyn (Jimmy Wagner of counsel), for appellant.
Law Office of William E. Leavitt, New York (William E. Leavitt of counsel), for respondents.

Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered February 27, 2024, which denied defendant's motion to dismiss plaintiffs Sebastian Beacon and Kristina Ratliff's claims, unanimously affirmed, with costs.
The complaint alleges sufficient indicia of the prior landlord's fraudulent deregulation scheme. Plaintiffs allege, based on an expert's review of the apartments, that defendant's predecessor deregulated their apartments in 2007 and 2008 based on individual apartment improvements (IAI) that never occurred. If proven, these allegations, which are presumed true at the pleading stage, would establish that the landlord was engaged in a fraudulent scheme to deregulate (see Nolte v Bridgestone Assoc. LLC, 167 AD3d 498, 498 [1st Dept 2018]). Those allegations also support plaintiffs' claim that their rents were improperly increased based on false claims of IAIs (id. at 499; see also Davis v Graham Ct. Owners Corp., 211 AD3d 629, 630 [1st Dept 2022], lv denied 40 NY3d 902 [2023]).
Defendant's contention that it does not have carryover liability for any fraud committed by the previous owner because it did due diligence when it purchased the building in 2022 and reasonably relied on Department of Housing and Community Renewal records, is a fact-laden defense, supported by an affidavit and documents, which does not warrant dismissal of the complaint on a pre-answer motion (see Le Bihan v 27 Wash. Sq. N. Owner LLC, 205 AD3d 616, 618 [1st Dept 2022]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2024